**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KEON V. LIPSCOMB,**
**R25793,**

**Plaintiff,**

**v.**

**ANTHONY WILLS, and**
**Q. BAKER,**

**Defendants.**

**Case No. 24-cv-1759-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Keon Lipscomb, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at Menard Correctional Center. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice for failure to state a claim on which relief could be granted. (Doc. 15). The Court granted Plaintiff an opportunity to replead his claims in an amended complaint, if he believed he could state a valid federal claim. An amended complaint was to be filed on or before February 27, 2025. Plaintiff was clearly warned that failure to submit an amended complaint would result in the dismissal of the entire case. (Doc 15).

Plaintiff has missed the deadline. More than a week has passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for failure to state a claim, as stated in the Merit Review Order. (Doc. 15). The Court considers the dismissal of this

case as a dismissal or "strike" under 28 U.S.C. §1915(g). *See Paul v. Marberry,* 658 F. 3d 702, 704-05 (7th Cir. 2011).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 13, 2025**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**